FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 08 2011

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01646-BNB

MANUEL DE LA FUENTE,

    Applicant,

v.

JULIE WANDS, Warden, et al.,

    Respondent.

## ORDER OF DISMISSAL

Applicant, Manuel De La Fuente, is a prisoner in the custody of the United States Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado. Mr. De La Fuente has filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court must construe the application liberally because Mr. De La Fuente is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will deny the application and dismiss the action.

Mr. De La Fuente is challenging the BOP's determination that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B), which provides that "[t]he period a prisoner convicted of a nonviolent offense remains in custody after successfully completing a treatment program may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must

otherwise serve." Mr. De La Fuente completed the BOP's residential drug abuse program on June 16, 2011, but the BOP determined he is not eligible for a sentence reduction based on the factual circumstances of his current conviction for escape in violation of 18 U.S.C. § 751. Mr. De La Fuente concedes that he was convicted of escape, but he argues that he cannot be denied eligibility for a sentence reduction based on his escape conviction because he did not escape from a federal prison.

Mr. De La Fuente fails to identify the specific legal right that allegedly has been violated by the BOP's determination that he is not eligible for a sentence reduction. Construing the application liberally, it appears that Mr. De La Fuente may be claiming either that he has been denied his constitutional right to due process or that the BOP's decision denying him a sentence reduction is arbitrary, capricious, or an abuse of discretion in violation of the Administrative Procedure Act (APA). The Court will address both potential claims.

The United States Constitution guarantees due process when a person is deprived of life, liberty, or property. **See Templeman v. Gunter**, 16 F.3d 367, 369 (10th Cir. 1994). Mr. De La Fuente was not deprived of life or property. Therefore, he was not entitled to any procedural protections unless he was deprived of a constitutionally protected liberty interest.

The existence of a constitutionally protected liberty interest depends upon the nature of the interest asserted. **See Sandin v. Conner**, 515 U.S. 472, 480 (1995). A prisoner is not entitled to any procedural protections in the absence of a grievous loss. **See Morrissey v. Brewer**, 408 U.S. 471, 481 (1972). Generally, a liberty interest may

arise from either the United States Constitution itself or from state or federal law. **See Fristoe v. Thompson**, 144 F.3d 627, 630 (10th Cir. 1998).

The Constitution itself does not create a protected liberty interest in a prisoner's release prior to the expiration of a valid sentence. **See Greenholtz v. Inmates of the Nebraska Penal and Correctional Complex**, 442 U.S. 1, 7 (1979). Section 3621(e)(2)(B) also does not create a constitutionally protected liberty interest because that statute provides only that the BOP *may* reduce the sentence of a nonviolent offender who successfully completes a treatment program. **See Fristoe**, 144 F.3d at 630. As a result, any due process claim Mr. De La Fuente may be asserting based on the determination that he is not eligible for a sentence reduction under § 3621(e)(2)(B) lacks merit and must be dismissed.

Any claim Mr. De La Fuente may be asserting under the APA also lacks merit. Under the APA, a reviewing court shall "hold unlawful and set aside agency action, findings, and conclusions found to be . . . arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). However, the Court may not consider whether the BOP erred in Mr. De La Fuente's specific case. *See* 18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of Title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). Instead, the Court may consider only "whether the BOP exceeded its statutory authority in construing 18 U.S.C. § 3621(e)(2)(B)." **Hunnicutt v. Hawk**, 229 F.3d 997, 1000 (10th Cir. 2000).

> An agency's interpretation of a statute by formal regulation or adjudication is entitled to deference, so long as the

3

> agency's interpretation is based upon a permissible construction of the statute. *See Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 843, 104 S. Ct. 2778, 2781-82, 81 L. Ed.2d 694 (1984). Where the agency's interpretation of the statute is made informally, however, such as by a "program statement," the interpretation is not entitled to *Chevron* deference, but will instead be considered only to the extent that it is well-reasoned and has "power to persuade." *See Southern Ute Indian Tribe*, 119 F.3d at 834.

*Fristoe*, 144 F.3d at 631.

According to the response to Mr. De La Fuente's Central Office Administrative remedy, a copy of which is attached to the application, the BOP relied on 28 C.F.R. § 550.55 and BOP Program Statement 5162.05 in determining Mr. De La Fuente is not eligible for a sentence reduction under § 3621(e)(2)(B). (*See* Doc. #1 at 8.) In relevant part, the BOP's formal regulation provides that "[a]s an exercise of the Director's discretion, the following categories of inmates are not eligible for early release: . . . (5) Inmates who have a current felony conviction for: . . . (iii) An offense that, by its nature or conduct, presents a serious potential risk of physical force against the person or property of another." 28 C.F.R. § 550.55(b). BOP Program Statement 5162.05, a copy of which also is attached to the application, lists a conviction for escape in violation of 18 U.S.C. § 751 as one of the offenses that may preclude an inmate from receiving a sentence reduction under § 3621(e)(2)(B), depending upon the factual circumstances of the offense. (*See* Doc. #1 at 31.) The BOP considered the factual circumstances of Mr. De La Fuente's escape, which involved five escapees cutting through or crawling under the perimeter fence of the Frio County Jail (*see* Doc. #1 at 8), and concluded that he is not eligible for a sentence reduction.

As noted above, Mr. De La Fuente does not dispute the fact that he has a current felony conviction for escape in violation of 18 U.S.C. § 751. Instead, he contends that the BOP may not rely on his escape conviction to deny him a sentence reduction because he did not escape from a federal prison. He bases this argument on the fact that BOP Program Statement 5162.05 describes a conviction under 18 U.S.C. § 751 as an "escape from federal prison." (Doc. #1 at 31.)

The Court is not persuaded by Mr. De La Fuente's argument. BOP Program Statement 5162.05 specifically lists a conviction under 18 U.S.C. § 751 as an offense that may preclude an inmate from receiving a sentence reduction under § 3621(e)(2)(B). Mr. De La Fuente does not argue that the BOP exceeds its statutory authority by considering convictions under 18 U.S.C. § 751 in making eligibility determinations under § 3621(e)(2)(B). The fact that the BOP describes a conviction under 18 U.S.C. § 751 as an escape from federal prison in the program statement, rather than more broadly as an escape from federal custody as actually proscribed by § 751, does not demonstrate that the BOP has exceeded its statutory authority by considering all convictions under 18 U.S.C. § 751. Therefore, any claim Mr. De La Fuente may be asserting pursuant to the APA also lacks merit and must be dismissed. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed.

DATED at Denver, Colorado, this  8th   day of    August      , 2011.

BY THE COURT:


__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01646-BNB

Manuel De La Fuente
Reg. No. 96677-079
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER and JUDGMENT** to the above-named individuals on August 8, 2011.

                  GREGORY C. LANGHAM, CLERK

By: _____
                Deputy Clerk