IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-01646-LTB

MANUEL DE LA FUENTE,

　　Applicant,

v.

JULIE WANDS, Warden, et al.,

　　Respondent.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 2 5 2011

GREGORY C. LANGHAM
CLERK

ORDER DENYING MOTION TO RECONSIDER

Applicant, Manuel De La Fuente, has filed *pro se* on August 22, 2011, a "Motion for Reconsideration" (Doc. #9) asking the Court to reconsider and vacate the Order of Dismissal and the Judgment entered in this action on August 8, 2011. The Court must construe the motion to reconsider liberally because Mr. De La Fuente is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. See Fed. R. Civ. P. 59(e). The Court will

consider Mr. De La Fuente's motion to reconsider pursuant to Rule 59(e) because the motion was filed within twenty-eight days after the Judgment was entered in this action. *See Van Skiver*, 952 F.2d at 1243 (stating that motion to reconsider filed within ten-day limit for filing a Rule 59(e) motion under prior version of that rule should be construed as a Rule 59(e) motion).

A Rule 59(e) motion may be granted "to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (internal quotation marks omitted). Relief under Rule 59(e) also is appropriate when "the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, a Rule 59(e) motion is not a new opportunity to revisit issues already addressed or to advance arguments that could have been raised previously. *See id*.

Mr. De La Fuente filed the instant habeas corpus action to challenge the determination by the Bureau of Prisons ("BOP") that he is not eligible for a sentence reduction pursuant to 18 U.S.C. § 3621(e)(2)(B) upon successful completion of a residential substance abuse treatment program. The Court dismissed the instant action because Mr. De La Fuente does not have a constitutionally protected liberty interest in a sentence reduction and, to the extent he may be asserting a claim under the Administrative Procedure Act, the BOP did not exceed its statutory authority in the program statement interpreting the sentence reduction eligibility requirements. In the motion to reconsider, Mr. De La Fuente argues that for the first time that the BOP has a contractual obligation to grant a sentence reduction upon his successful completion of the drug abuse treatment program and that the Court should apply the rule of lenity to

his circumstances.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. De La Fuente fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. As noted above, a Rule 59(e) motion is not a new opportunity to advance arguments that could have been raised previously. *See id*. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that the "Motion for Reconsideration" (Doc. #9) filed on August 22, 2011, is denied.

DATED at Denver, Colorado, this 25th day of August, 2011.

BY THE COURT:


s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 11-cv-01646-BNB

Manuel De La Fuente
Reg. No. 96677-079
FCI Florence
PO Box 6000
Florence, CO 81226

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on August 25, 2011.

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk